

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# Torres v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2204

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Torres v. Comm Social Security" (2008). 2008 Decisions. Paper 1109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2204

_____

EDWIN TORRES,
Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-01371)
District Judge:  Honorable Joel A. Pisano

_____

Argued March 27, 2008

Before:  McKEE, RENDELL and TASHIMA[*], Circuit Judges

(Filed : May 29, 2008)

_____

Abraham S. Alter, Esq. (Argued)
Langton & Alter
2096 St. Georges Avenue
Rahway, NJ 07065-0000

_____

   [*]Honorable A. Wallace Tashima, Senior Judge of the United States Court of  Appeals
for the Ninth Circuit, sitting by designation.

*Attorney for Plaintiff-Appellant*

Kristina D. Cohn, Esq.
Richard A. Hill, Jr., Esq (Argued)
Office of United States Attorney
Social Security Administration
26 Federal Plaza
New York, NY 10278-0000

*Attorneys for Defendant-Appellee*

—————

OPINION OF THE COURT

—————

TASHIMA, *Circuit Judge*.

Plaintiff Edwin Torres appeals from an order of the District Court, affirming the decision of an Administrative Law Judge ("ALJ") that denied his request for Disability Insurance Benefits and Supplemental Security Income. Torres contends that the ALJ's decision was not based on substantial evidence. Specifically, Torres contends that the ALJ's decision omitted evidence, rejected Torres' subjective complaints of pain, failed to combine all of Torres' medical impairments, and calculated Torres' residual functional capacity without evidentiary basis. The District Court considered Torres' allegations in a lengthy opinion and concluded that substantial evidence in the record supported the Commissioner's decision that Torres was not disabled.

We exercise plenary review over the District Court's order but review the ALJ's

2

decision to "determine whether it is supported by substantial evidence." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). Although the ALJ's opinion considered all of the evidence, including Torres' subjective complaints of pain, and was well-reasoned, we conclude that the ALJ failed properly to consider all of Torres' medical impairments in combination. We further conclude that the ALJ overstated Torres' daily activities and that his determination that Torres had the capacity to perform light work is not supported by substantial evidence. Therefore, we vacate the District Court's February 23, 2006, order, and remand the matter to the District Court to, in turn, remand the matter to the Commissioner for further proceedings in accordance with this opinion.

On April 15, 2003, Torres filed an application for Disability Insurance Benefits due to diabetes, left-eye blindness, and back pain, which was denied. On May 26, 2004, Torres submitted a claim for Supplemental Security Income. Both claims were consolidated into a hearing in front of the ALJ on October 12, 2004. The hearing revealed that Torres suffers from numerous medical impairments. Evidence shows that Torres has been a Type II non-insulin dependent diabetic since late 2002 and was diagnosed with Hepatitis C in late 2003. Torres has no sight in his left eye, glaucoma in his right eye, headaches, "disc bulges" in his lower back that cause back pain, and chronic bronchitis. Additionally, Torres has been diagnosed with an adjustment disorder with mixed anxiety, adjustment disorder with depressed mood, bipolar disorder, and a

3

personality disorder.

In order to be eligible for Disability Insurance and Supplemental Security Income benefits a claimant must demonstrate that he is "disabled" within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(1)(A). The Social Security regulations set forth a five-step sequential evaluation to determine if an individual is disabled. 20 C.F.R. § 404.1520. In the third step, the ALJ considers the severity of the claimant's impairment(s) and checks to see if the impairment(s) meets or equals one of the impairments listed in Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). The ALJ can find medical equivalence in three ways:

(1)(i) If you have an impairment that is described in appendix 1, but–
(A) You do not exhibit one or more of the findings specified in the particular listing, or
(B) You exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing,
(ii) We find that your impairment is medically equivalent to that listing if you have other findings related to your impairment that are at least of equal medical significance to the required criteria.
(2) If you have an impairment(s) that is not described in appendix 1, we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.
(3) If you have a combination of impairments, no one of which meets a listing (see § 404.1525(c)(3)), we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairments are at least of equal medical significance to those of a listed impairment, we will find that your combination of impairments is medically equivalent to the listing.

20 C.F.R. § 404.1526(b). If the claimant is successful in demonstrating that his

impairment(s) meets or equals one of the listing in Appendix 1 and meets the duration requirement (continuous period of 12 months), then the claimant is found to be disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Although the claimant bears the burden of proving that his impairments equal or meet those listed in Appendix 1, if a claimant's impairment does not match one listed in Appendix 1, the ALJ is required to perform a comparison between the claimant's impairment(s) and those listed in Appendix 1. 20 C.F.R. § 404.1526(b). This court has stated that it is the ALJ's "responsibility . . . to identify the relevant listed impairment(s)" and "'develop the arguments both for and against granting benefits.'" *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 n.2 (3d Cir. 2000) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000)). Here, the ALJ failed at step three by failing to consider Torres' impairments in combination when determining medical equivalence.

While the ALJ explained why Torres' impairments do not meet Appendix 1 listings *individually*, he failed to conduct a proper 20 C.F.R. § 404.1526(b) analysis. The ALJ's entire combination analysis consisted of one cursory paragraph:

> Regarding steps two and three, the evidence establishes the existence of a "severe" impairment involving left-eye blindness, diabetes, hepatitis C and cirrhosis, degenerative disc disease of the lumbar spine, bronchitis, and depression, but does not disclose any medical findings which meet or equal in severity the clinical criteria of any impairment listed in Appendix 1, Subpart P to Regulations No. 4.

The analysis is conclusory and inadequate. The ALJ failed to combine Torres' many medical impairments and compare them to analogous Appendix 1 listings.

5

This court requires the ALJ to set forth the reasons for his decisions. *Burnett*, 220 F.3d at 119 (citing *Cotter v. Harris,* 642 F.2d 700, 704-705 (3d Cir. 1981)). Moreover, conclusory statements, like the one in this case, have been found to be "beyond meaningful judicial review." *Id.* (stating that an ALJ's "conclusory" one-sentence step three analysis was "beyond meaningful judicial review").

There is no way to review the ALJ's decision in this case because no reasons were given for his conclusion that Torres' impairments in combination did not meet or equal an Appendix 1 listing. On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why Torres' diabetes, Hepatitis C, back problems, headaches, chronic bronchitis, left-eye blindness, glaucoma, depression, anxiety, bipolar disorder, and personality disorder in combination, are or are not equivalent in severity to one of the listed impairments. The ALJ should also reconsider the precise extent of Torres' daily activities.

We will therefore vacate the order of the District Court and remand to the District Court to, in turn, remand the matter to the Commissioner for further proceedings consistent with this opinion.